REISSUED FOR PUBLICATION
MAY 3 2018
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: March 30, 2018

```
* * * * * * * * * * * * *
EDWARD HANEY,                *          UNPUBLISHED
                             *
            Petitioner,      *          No. 12-103V
                             *
v.                           *          Special Master Gowen
                             *
SECRETARY OF HEALTH          *          Motion for Relief from Judgment;
AND HUMAN SERVICES,          *          Vaccine Rule 36; RCFC 60(b)(1);
                             *          RCFC 60(b)(6).
            Respondent.      *
* * * * * * * * * * * * *
```

Edward Haney, San Jose, CA, petitioner, *pro se*.
Althea Davis, U.S. Department of Justice, Washington, DC, for respondent.

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT[1]

On February 13, 2018, the Court received correspondence from Mr. Edward Haney ("petitioner"), which was treated as a "motion to reopen" the above-captioned matter. As explained below, the undersigned hereby **DENIES** petitioner's motion for relief pursuant to the Rules of the U.S. Court of Federal Claims, Rule 60(b).

### I.   Initiation of Mr. Haney's First Claim, Case No. 12-103v

On February 13, 2012, Mr. Haney (represented by attorney Martin J. Martinez) filed a petition for compensation from the National Vaccine Injury Compensation Program, alleging that Mr. Haney received a seasonal influenza ("flu") vaccination on September 25, 2009, which caused him to develop Guillain-Barré Syndrome ("GBS"). See Haney v. Sec'y of Health & Human Servs., No. 12-103v, Petition (ECF No. 1).[2]

---

[1] Because this order contains a reasoned explanation for the action in this case, the undersigned intends to post it on the website of the United States Court of Federal Claims, pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012). The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the order is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. If neither party files a motion for redaction within 14 days, the order will be posted on the court's website. Id.

[2] This first petition also implicated a H1N1 flu vaccination Mr. Haney received on November 24, 2009. The National Vaccine Injury Compensation Program only covers claims related to vaccinations set forth on the "Vaccine Injury Table." This table does not list H1N1 flu vaccinations. Thus, the Program does not have jurisdiction to hear

Afterwards, Mr. Haney, through his attorney, worked to obtain and file numerous medical records that were necessary to document the claim. On December 7, 2012, he informed the Court that he had been injured by another flu vaccination in November 2012. He proposed to amend the existing claim to include this additional flu vaccine. Status Report (ECF No. 20). On June 13, 2013, he filed a status report indicating that he was having difficulty obtaining documentation of the November 2012 flu vaccination. Status Report (ECF No. 32). He worked for several months to obtain such records.

On February 3, 2014, he filed a letter from James Pehling, MD, which provides: "Here is the detailed information about the flu vaccine you [Mr. Haney] were accidentally given in November 2012." This is followed by a screenshot of a record that a flu vaccination was administered on November 6, 2012. However, the patient name is blacked out (i.e., redacted). Dr. Pehling did not explain why the patient name was blacked out or provide any further information. Status Report, Attachment 1 (ECF No. 53). Afterwards, petitioner did not file an unredacted version of the vaccination record, further explanation from Dr. Pehling, or any further documentation of the alleged November 2012 flu vaccination.

On July 3, 2014, respondent filed a status report contending that Mr. Haney had not provided sufficient proof that he received another flu vaccination in November 2012. See Status Report (ECF No. 67).

On the same day, Mr. Haney filed a status report indicating that he did "not intend to pursue the November 2012 vaccine case." Status Report (ECF No. 68). Afterwards, the parties began to negotiate settlement. On January 22, 2015, Mr. Haney indicated that the State of California's Medicaid program had a substantial lien on the case, but had agreed to reduce its lien by approximately 50%. Once the lien was resolved, the parties hoped to settle the case. Status Report (ECF No. 73).

On February 23, 2015, the parties indicated that they had reached a tentative settlement in the case. Accordingly, that same day, the undersigned issued a "15-week order," which sets a schedule for respondent to have the settlement formally approved by senior officials at the U.S. Department of Health & Human Services and the U.S. Department of Justice. Once that is approved, compensation can be awarded to the person alleging injury from a vaccination. 15-Week Order (ECF No. 74).

## II.    Initiation of and Dismissal of Mr. Haney's Second Claim, Case No. 15-310v

On March 25, 2015, Mr. Haney, acting *pro se*, filed a second petition within the National Vaccine Injury Compensation Program, alleging that he was injured by a flu vaccination received on November 6, 2012, during a regular check up with his primary care physician James Pehling, M.D. See Haney v. Sec'y of Health & Human Servs., No. 15-310v, Petition (ECF No. 1). As noted above, this is the flu vaccination that Mr. Haney previously attempted to document

---

any claims regarding H1N1 vaccinations. The H1N1 flu vaccination was removed from Mr. Haney's claim on November 5, 2013.

and add to his first petition. Also noted above, Mr. Haney, through his attorney, had previously indicated that he did "not intend to pursue the November 2012 vaccine case."

On April 10, 2015, the undersigned held a telephonic status conference under case number 12-103v, with the attorney Mr. Martinez representing Mr. Haney and Ms. Althea Davis representing respondent. Respondent stated that the parties intended their tentative settlement to cover any claims arising from both the documented 2009 flu vaccination and the disputed 2012 flu vaccination. Respondent stated that Mr. Haney's filing of a second claim suggested that the parties no longer had a "meeting of the minds" about reaching a settlement. The undersigned ordered Mr. Martinez to contact Mr. Haney and determine how Mr. Haney would like to proceed. Case No. 12-103v, Scheduling Order re: Status Conference (ECF No. 75).

On May 4, 2015, Mr. Martinez filed the following one-paragraph declaration signed by Mr. Haney (quoted in its entirety):

> "I, Edward Haney, the petitioner in case 1:12-vv-00103 have reviewed the order of the Special Master dated April 10, 2015. Moreover, I have conferred in detail with my Lawyer, Martin James Martinez. I have informed him that I do not intend to further pursue the new filing of a separate claim for a vaccine injury of the year 2012. In addition, I am giving my attorney the authority to enter a notice of appearance in the newly filed case on my behalf, and I further request that my attorney file a motion to dismiss the new case. I understand in accordance with the Special Master's order, once the new case is dismissed, the 15 week order will be reinstated with th [sic] time frames to account for the length of the time for suspension. I declare the above under penalty of perjury, executed this the 29th of April 2015."

Case No. 12-103v, Status Report – Attachment 1: Affidavit of Edward M. Haney (ECF No. 76).

On June 15, 2015, Mr. Martinez filed a motion to be recognized as Mr. Haney's attorney in the second claim. The motion included Mr. Haney's signed statement that "Edward M. Haney, appearing as his own attorney of record in the above-captioned matter, hereby consents to Martin James Martinez being named the new attorney of record in said matter." Case No. 15-310v, Consented Motion to Substitute Attorney (ECF No. 10).

On June 16, 2015, Mr. Martinez filed a motion to voluntarily dismiss the second claim. Case No. 15-310v, Motion to Voluntarily Dismiss (ECF No. 11). This was electronically signed by Mr. Martinez, the attorney of record, who was authorized to act on Mr. Haney's behalf. Respondent had an opportunity to respond to the motion, but did not do so. On August 3, 2015, Mr. Martinez filed an amended notice of voluntary dismissal __with prejudice__ (representing that the case could not be reopened in the future). Case No. 15-310v, Memorandum (ECF No. 13). On August 11, 2015, the undersigned granted the motion and dismissed the second claim with prejudice. Case No. 15-310v, Order Concluding Proceedings (ECF No. 16).

### III.   Resolution of Mr. Haney's First Claim, Case No. 12-103v

On August 11, 2015, the same day that the undersigned dismissed Mr. Haney's second claim, the undersigned reinstated the 15-week order in the first claim, as the parties had contemplated during the April 10, 2015 status conference.  Case No. 12-103v, 15 Week Order (ECF No. 77).

On December 10, 2015, respondent filed the parties' stipulation.  It provided that Mr. Haney "received seasonal flu vaccinations on October 13, 2009, and on November 6, 2012." Case No. 12-103v, Stipulation (ECF No. 79) at ¶ 2.  Mr. Haney "allege[d] that he suffered Guillain-Barré Syndrome (GBS) and a shoulder injury as the result of a flu vaccination." Id. at ¶ 3.  Respondent denied that the flu vaccine caused Mr. Haney's GBS, his shoulder injury, any other injury, and/ or his current disabilities.  Id. at ¶ 6.  Maintaining their respective positions, the parties agreed that compensation should be awarded to Mr. Haney.  Id. at ¶ 7.  The stipulation awarded $150,000.00 to Mr. Haney, as well as $56,305.95 to Medical in connection with medical care rendered to Mr. Haney.  Id. at ¶¶ 8, 9.

The stipulation then provided:

"In return for the payments described in paragraphs 8 and 9, petitioner [Mr. Haney], in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions, or causes of action (including agreements, judgments, claims, damages, loss of services, expenses, and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccinations administered on October 13, 2009, and November 6, 2012, as alleged by petitioner [Mr. Haney] in a petition for vaccine compensation filed on or about February 13, 2012, in the United States Court of Federal Claims as petition no. 12-103v."

Id. at ¶ 13.

This stipulation was signed by Mr. Haney as well as his attorney of record Mr. Martinez, an authorized representative of the Secretary of Health and Human Services, an authorized representative of the attorney general, and the attorney of record for respondent.  Id. at page 5.

The undersigned then reviewed the stipulation.  Based on his experience and his understanding of Mr. Haney's claims regarding both the 2009 and the 2012 vaccinations, the undersigned found that the stipulation was reasonable.  Accordingly, on December 11, 2015, the undersigned entered a decision approving compensation to Mr. Haney pursuant to the terms of the stipulation.  Decision on Stipulation (ECF No. 80).  On January 18, 2016, Mr. Haney

(through his attorney Mr. Martinez) filed notice not to seek review of the decision approving the stipulation.  Notice (ECF No. 85).  Judgment on the stipulation was entered on January 22, 2016. Judgment (ECF No. 87).[3]

## IV.    Mr. Haney's Further Correspondence with the Court

On February 13, 2018, Mr. Haney personally sent correspondence to the U.S. Court of Federal Claims, which was treated as a motion to reopen his first claim, number 12-103v.  See Motion for Relief (ECF No. 91).  This included a cover sheet indicating that Mr. Haney's claim was for $150.00 and it concerned a vaccination on November 6, 2012 at 1:30 p.m.  He selected the nature of suit code 485, for "injury – haemophilus influenzae."  He checked that this claim was "directly related to any pending or previous cases," but did not file the "separate notice of directly related cases" required under the Rules of the Court of Federal Claims, Rule 40.2  Id. at 1-2.  He wrote his name on the sample petition for vaccine compensation provided by the Court. Id. at 3-4.  In a handwritten letter, he referenced a flu shot in 2009 and another flu shot on 11/06/12.  He stated that he had paid fees at a local courthouse but his case was dismissed. Afterwards, he paid an unspecified person and bought her a computer to help with his case.  Id. at 7-9.  Mr. Haney also enclosed two letters from a psychiatrist.  The first letter, dated February 23, 2017, is addressed to the local court where Mr. Haney had sought relief.  The second letter, dated October 3, 2017, is addressed to the Clerk of Court at the United States Court of Federal Claims.  The psychiatrist stated that Mr. Haney has been her patient since 2014 and a patient at her clinic since 2002.  She stated that Mr. Haney has always had cognitive disabilities and a limited understanding of the court system.  She stated that Mr. Haney should have a "legal advocate because he is in need of additional accommodations" and that his condition should be "consider[ed while] rendering justice for him."  Id. at 10-11.

On February 28, 2018, the undersigned convened a status conference with Mr. Martinez, who as per court procedure, was still listed as Mr. Haney's attorney of record in the closed case, in order to determine if he intended to represent petitioner in any future proceedings.  Ms. Althea Davis appeared on behalf of respondent.  The status conference was digitally recorded at respondent's request.  Mr. Martinez confirmed that he no longer represented Mr. Haney and had no knowledge of Mr. Haney's recent correspondence with the Court.  Accordingly, following the status conference on February 28, 2018, Mr. Martinez filed a motion to withdraw as the attorney of record, which was granted.  See Motion to Withdraw (ECF No. 92); Order Granting Motion to Withdraw (ECF No. 93).  As petitioner was recognized to be proceeding *pro se*, the case was designated for non-electronic filing.  Notice of Non-ECF Case (ECF No. 94).

---

[3] Additionally, the undersigned entered a decision awarding attorneys' fees, attorneys' costs, and petitioner's costs pursuant to the parties' stipulation, on December 23, 2015.  Judgment was entered on January 29, 2016.  See Judgment (ECF No. 89).

On March 27, 2018, the undersigned convened a status conference with Mr. Haney, accompanied by the psychiatrist, Dr. Nanda, who had contacted the Court on his behalf. Ms. Althea Davis appeared on behalf of respondent.[4] The status conference was digitally recorded.

During the status conference, Mr. Haney stated that he received an influenza ("flu") vaccination on November 6, 2012, and that the vaccine injured him. That was why he was contacting the Court. He was seeking compensation for the November 2012 flu vaccination. Mr. Haney contended that due to his cognitive disabilities, he did not understand that the December 2015 stipulation settled his claims for both the September 26, 2009, flu vaccination and the alleged November 6, 2012, flu vaccination. He contended that his attorney of record, Mr. Martinez, did not adequately explain the proceedings to him. He also contended that his attorney never met with him in person and only corresponded with him by telephone and by mail. Mr. Haney contended that he was entitled to additional compensation for the alleged November 6, 2012, flu vaccination.

Mr. Haney's psychiatrist suggested that Mr. Haney should have had a court-appointed advocate during the Vaccine Program proceedings. Alternatively, he should have been represented by an attorney with particular expertise to represent a client with cognitive disabilities.

The undersigned explained that Mr. Haney was represented by an attorney throughout the course of both claims. That attorney's role was to advocate for Mr. Haney. Based on his memory and his review of Mr. Haney's two cases in preparation for that status conference, the undersigned believed that the attorney obtained a reasonably good result for Mr. Haney. There was no clear showing of misconduct or any other reason that Mr. Haney should be relieved from the final outcome of his cases.[5]

## V.   Legal Standard

Under Vaccine Rule 36, Appendix B, RCFC, a party may seek relief from judgment pursuant to the United States Court of Federal Claims, Rule 60. RCFC 60(b)(1)-(6). Rule 60(b) provides an "'exception to finality,' that 'allows a party to seek relief from a final judgment, and request reopening his case, under a limited set of circumstances.'" Kennedy v. Sec'y of Health & Human Servs., 99 Fed. Cl. 535, 548 (2011) (quoting Gonzalez v. Crosby, 545 U.S. 524, 529 (2005)). "The court has discretion regarding whether to grant relief under Rule 60(b),

---

[4] The Order setting this status conference (ECF No. 95) provided that the undersigned "obtained both parties' consent to have Dr. Nanda participate in the status conference." Subsequently, respondent's counsel contacted the undersigned's law clerk to clarify that in scheduling the status conference, the undersigned's judicial assistant had simply asked respondent's counsel for her availability and informed of the undersigned's intent to invite Dr. Nanda to the conference. At respondent's request, the undersigned hereby clarifies that he did not obtain respondent's consent to have Dr. Nanda participate in the status conference. Rather, the undersigned invited Dr. Nanda to participate in the status conference, Dr. Nanda agreed to participate, and the government did not object.

[5] During the status conference, the undersigned stated that he recalled speaking with Mr. Haney during one or more status conferences. Upon review, it does not appear that Mr. Haney participated in any status conference in either of his cases. This does not change the undersigned's overall assessment of Mr. Haney's request for relief.

'and the court may weigh equitable considerations in the exercise of its discretion.'" <u>Curtis v. United States</u>, 61 Fed. Cl. 511, 512 (Fed. Cl. 2004) (citing <u>Dynacs. Eng'g Co. v. United States</u>, 48 Fed. Cl. 240, 241-42 (2000)).  Rule 60(b) as a remedial provision is to be "liberally construed for the purpose of doing substantial justice," <u>Patton v. Sec'y of Health & Human Servs.</u>, 25 F.3d 1021, 1030 (Fed. Cir. 1994).  However, relief should not be granted "if substantial rights of the party have not been harmed by the judgment." <u>Dynacs. En'g Co.</u>, 48 Fed. Cl. at 242.

The court may grant relief from a final judgment on the following grounds:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence ...;

(3) fraud ... misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;

(6) any other reason that justifies relief.

RCFC 60(b).

As provided above, Rule 60(b)(1) provides for relief in the case of "mistake, inadvertence, surprise, or excusable neglect." RCFC 60(b)(1). The Rules do not define the meaning of "mistake" under Rule 60(b)(1). However, the United States Court of Federal Claims has held that the term encompasses "[a]n error, misconception, or misunderstanding; an erroneous belief." <u>Curtis</u>, 61 Fed. Cl. at 514 (2004) (quoting <u>Black's Law Dictionary</u>, 1017 (7th ed. 1999)).  The "mistake" at issue may be on the part of a party, counsel or the court. <u>Id.</u> at 514-15.

A motion under RCFC 60(b) must be made "within a reasonable time– and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." RCFC 60(c)(1). Thus, a motion based on a ground enumerated in clauses (1)-(3) is completely barred if not made within the requisite one year time period. <u>See</u> <u>Freeman v. Sec'y of Health & Human Servs.</u>, 35 Fed. Cl. 280, 283 (Fed. Cl. 1996).

The catchall provision of Rule 60(b)(6) provides for relief from judgment upon "any other reason that justifies relief." RCFC 60(b)(6). However, relief under 60(b)(6) cannot be asserted on one of the grounds for relief enumerated in 60(b)(1) through (5). <u>Freeman</u>, 35 Fed. Cl. 283; <u>Kennedy</u>, 99 Fed. Cl. at 547 (citing <u>Liljeberg v. Health Servs. Acquisition Corp.</u>, 486 U.S. 847, 863 (1988)).  Clauses (1) – (3) are mutually exclusive with clause (6). <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 393 (1993).  In addition, in order to justify relief, a showing of "extraordinary circumstances" is required. <u>Kennedy</u>, 99 Fed. Cl. at 548 (2011) (citing <u>Ackerman v. United States</u>, 340 U.S. 193, 202 (1950)).  Rule 60(b)(6) permits the decision maker to grant relief from judgment to a party only in circumstances in which a

"grave miscarriage of justice" would otherwise result. Id. at 540 (quoting United States v. Beggerly, 524 U.S. 38, 47 (1998)). This narrow use of Rule 60(b)(6) is essential in order to preserve the finality of judgments. Id. at 548 (citing Gonzalez, 545 U.S. at 535).

## VI.   Analysis

Here, Mr. Haney has alleged in writing (and repeated orally during the status conference) that he was injured from a flu vaccination on November 6, 2012. He indicated that this claim is directly related to "pending or previous cases." Motion for Relief at 1-2. He confirmed as much during the status conference on March 27, 2018.

This claim is indeed related to two previous cases. First, in case number 12-103v, Mr. Haney and his attorney invoked the 2012 flu vaccination and had trouble obtaining documentation of it. Then, Mr. Haney, acting *pro se*, filed a second claim (15-310v) alleging injuries from the 2012 flu vaccination. Both cases are closed. First, Mr. Haney signed a declaration that he did not intend to further pursue the 2012 vaccine injury claim; and signed a consent form for the attorney to represent him in that case. Upon a motion by Mr. Haney (through his attorney), the second case was dismissed on August 11, 2015. Afterwards, Mr. Haney signed a stipulation awarding him compensation for both the 2009 and the 2012 vaccinations, on which judgment was entered on January 22, 2016.

Mr. Haney's correspondence with the Court requesting further proceedings relating to the alleged 2012 flu vaccination, can be charitably viewed as a motion for relief from the final disposition of one or more of his closed claims, under Rule 60(b). Upon review, the undersigned does not find cause to relieve Mr. Haney from the disposition of either claim.

Mr. Haney's motion did not clearly allege the grounds for requesting relief. To better understand Mr. Haney's request, the undersigned *sua sponte* held a status conference with Mr. Haney, assisted by his psychiatrist Dr. Nanda. During the status conference, Mr. Haney contended for the first time that he did not understand what was happening while his two cases were active. Mr. Haney stated that he never met his attorney in person. Rather, the attorney spoke with him on the phone and sent him paperwork to sign. Mr. Haney stated that he did not understand what he was signing. Mr. Haney's psychiatrist concurred that Mr. Haney had cognitive difficulties; he may have misunderstood what he was signing at the time. Alternatively, he may not remember what he signed. See also Motion to Reopen at 11 (the psychiatrist's October 3, 2017, letter to the U.S. Court of Federal Claims, stating: "He often misunderstands what is asked of him, his attention and memory are both limited.").

This could be viewed as a request for relief due to mistake, namely, Mr. Haney's misunderstanding what his attorney asked him to sign, under Rule 60(b)(1). Curtis, 61 Fed. Cl. at 514-15 (defining "mistake" as "[a]n error, misconception, or misunderstanding" by a party, counsel, or the court). The undersigned understands Mr. Haney's concerns and need for a better understanding of the proceedings in the Vaccine Program. He also understands the psychiatrist's desire to assist Mr. Haney. However, he does not see grounds for relief due to mistake. First, Mr. Haney signed several documents that explain the proceedings. The clearest may be Mr.

Haney's April 29, 2015, signed declaration providing that Mr. Haney had "conferred in detail with [his] [l]awyer" Mr. Martinez, he did "not intend to further pursue the new filing of a separate claim for a vaccine injury of the year 2012," and that he agreed to have Mr. Martinez dismiss that case, in order to reinstate the "15 week order" in the first case. Haney, 12-103v (ECF No. 76). He also signed a short consent form to have the attorney represent him in the second case. Haney, 15-310v (ECF No. 10). Each statement signed by Mr. Haney was short and appeared on a single sheet of paper.

Mr. Haney also signed the stipulation in the first case, which resulted in an award of compensation for both vaccinations. Haney, 12-103v (ECF No. 79). On the first page, the stipulation clearly identifies Mr. Haney's "seasonal flu vaccinations on October 13, 2009 and November 6, 2012." Id. at 1, ¶ 2. The stipulation references both of his alleged injuries: that the 2009 flu vaccination caused "GBS" and that the 2012 flu vaccination caused a "shoulder injury." Id. at 1, ¶ 4. The third page contains (an admittedly long) paragraph providing that in exchange for the compensation provided, Mr. Haney ("petitioner") was releasing all claims from "the flu vaccinations administered on October 13, 2009, and November 6, 2012." Id. at 3, ¶ 13.

Mr. Haney now contends that he did not understand what he was signing. The undersigned did not interact with Mr. Haney directly, as he was represented by an attorney. However, that attorney was professionally obligated to advance Mr. Haney's interests and understand the proceedings to him. Given the filing of this specific affidavit signed by Mr. Haney, authorizing his attorney to dismiss the second claim, the undersigned had no reason to believe that the attorney had not adequately explained the proceedings or that Mr. Haney did not understand what was occurring.

In addition to there being no clear evidence of mistake, a party is only permitted to request relief due to mistake "no more than a year after the entry of the judgment or order or the date of the proceeding." RCFC 60(b), (c)(1). Here, Mr. Haney is seeking relief much more than a year later. His second claim was concluded on August 11, 2015. Case No. 15-310v, Order Concluding Proceedings (ECF No. 16). In the first claim, judgment was entered awarding Mr. Haney compensation on January 22, 2016. Case No. 12-103v, Judgment (ECF No. 87). Thus, even if there was clear evidence of mistake, Mr. Haney's request for relief is untimely.

The undersigned will also consider Mr. Haney's request for relief under 60(b)(6), which may be invoked more than one year after a judgment or other final disposition (although it is still expected to be "timely"). RCFC 60(c)(1). Rule 60(b)(6) is available for "any other reason that justifies relief," however, it cannot be asserted on one of the grounds for relief enumerated in 60(b)(1) through (5), such as mistake. See Freeman, 35 Fed. Cl. 283; Kennedy, 99 Fed. Cl. at 547. In addition, in order to justify relief, a showing of "extraordinary circumstances" is required. The decision maker may only grant relief to avoid a "grave miscarriage of justice." Kennedy, 99 Fed. Cl. at 548. In the present case, even if Mr. Haney articulated something other than mistake, fraud, or newly discovered evidence, it is not clear that the current circumstances involve a "grave miscarriage of justice." Mr. Haney received an award of compensation for both vaccinations, which the undersigned viewed to be reasonable based on the injuries alleged and the difficulty of documenting the 2012 vaccination. The award was also reasonable considering that Mr. Haney received compensation at an early stage in the proceedings. He did not have to

retain an expert witness, participate in a hearing, and wait for the undersigned to issue a written decision.  The award was also reasonable because of the concept of litigative risk, namely, if Mr. Haney's claims had proceeded, there is some chance that Mr. Haney would not have prevailed. The undersigned may have determined that Mr. Haney did not establish entitlement to compensation.

Most importantly, given that Mr. Haney had no claim of wage loss attributable to his injuries and viewing the evidence in totality, the undersigned had concluded that the compensation paid was quite reasonable when compared to judgments entered in similar claims.

In summary, the undersigned finds that Mr. Haney did obtain a good result and will not suffer a grave miscarriage of justice if he is not permitted to seek further compensation for the 2012 vaccination, which was specifically covered by the terms of the stipulation.

**VII.    Conclusion**

The petitioner, Mr. Haney, has failed to demonstrate circumstances that justify relief under Rule 60(b).  Accordingly, petitioner's motion is **DENIED.**  His cases remain **CLOSED.**

**IT IS SO ORDERED.**

Thomas L. Gowen
Special Master